IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES D. STRONG, JR., M.D., ) | |
| ) | |
| Plaintiff, ) | Case No. CV03-528-S-EJL |
| ) | |
| vs. ) | MEMORANDUM DECISION |
| ) | AND ORDER |
| UNUMPROVIDENT CORPORATION, et al, ) | |
| ) | |
| Defendants. ) | |

Pending before the Court in the above-entitled matter are Defendants' motions in limine (Docket Nos. 78 - 80). Plaintiff has responded to the motions and Defendants have filed a reply to the one motion in limine the Court requested a reply. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay and to aid the parties in preparing for trial set for June 20, 2005, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, these motions in limine shall be decided on the record before this Court without oral argument.

**Motion in Limine to Exclude Testimony from Stephen Prater (Docket No. 80)**

Defendants move to exclude the testimony of Stephen Prater, an insurance industry expert, as the only remaining claim is the breach of contract claim based on the denial of the claim and his testimony related to the bad faith claim that was denied by the Court's Order of May 13, 2005 (Docket No. 76). Plaintiff responds that Mr. Prater's testimony is still relevant as Plaintiff's breach of contract claim based on an alleged breach of the implied covenant of good faith and fair dealing

ORDER - Page 1
05ORDERS\Strong_tsc.WPD

survived summary judgment. Defendants reply that an implied covenant of good faith and fair dealing contractual claim is synonymous with their bad faith tort claim and since the bad faith claim was dismissed by the Court any contract claim related to the implied covenant of good faith and fair dealing was also impliedly dismissed.

The Court has previously determined that Texas law controls both the contract and tort claims in this case. See Order, Docket No. 76 at 6-8. The Court notes it analyzed Plaintiff's bad faith claim under Idaho law as well and reached the same conclusion as under Texas law that the claim did not survive summary judgment. Id. at 16-17.

Count One in Plaintiff's Complaint is the Breach of Contract claim. Count Two is the Bad Faith Tort claim. In reviewing the breach of contract claim, the Court notes Plaintiff did aver in paragraph 18 of the Complaint (Docket No. 1, Exhibit to Notice of Removal from State Court) that "[a]lso contained within the parties agreement was an implied covenant of good faith and fair dealing." The Court did not specifically rule on the implied covenant of good faith and fair dealing portion of the breach of contract claim in its May 13, 2005 Order. This oversight will be addressed by the Court now in order to avoid any confusion at trial.

For the reasons set forth in the breach of contract conflict of laws portion of the May 13, 2005 Order, the Court will apply Texas law to the motion in limine concerning a contractual claim for breach of the implied covenant of good faith and fair dealing. See Order, Docket No. 76 at 6-8. This conclusion of law is also consistent with the Court's determination that Texas law should control the bad faith claim. Id. at 11-13.

The Court agrees with Defendants that under Texas law, there is no difference between the elements for an alleged breach of the implied covenant of good faith and fair dealing and a claim for bad faith. It is undisputed by the parties that "[a]n insurer has a duty to deal fairly and in good faith with its insured in the processing and payment of claims." Republic Insurance Company v. Stoker, 903 S.W.2d 338, 340 (Tex. 1995) (citing Arnold v. National County Mut. Fire Ins. Co. 725 S.W.2d 165,167 (Tex. 1987). The Court reaches the conclusion the claims are synonymous by comparing the elements for a breach of the implied covenant of good faith and fair dealing with the elements for a claim for bad faith and the Texas courts' interchangeable usage of the terms.

ORDER - Page 2
05ORDERS\Strong_tsc.WPD

The elements for a contractual claim for breach of the implied covenant of good faith and fair dealing are as follows:

> A breach of the duty of good faith and fair dealing is established when: (1) there is an absence of a reasonable basis for denying or delaying payment of benefits under the policy and (2) the carrier knew or should have known that there was not a reasonable basis for denying the claim or delaying payment of the claim.

Republic Insurance Company v. Stoker, 903 S.W.2d 338, 340 (Tex. 1995) (citing Aranda v. Insurance Co. of N. Am. 748 S.W.2d 210, 213 (Tex. 1988).

The elements for a claim of bad faith were set forth on page 14 of the Court's May 13, 2005 Order:

> To demonstrate bad faith under Texas law, the insured must prove: (1) the absence of a reasonable basis for denying or delaying payment of policy benefits; and (2) the insurer knew or should have known there was no reasonable basis for denying or delaying payment. Darby v. Jefferson Life Insurance Co., 998 S.W.2d 622, 626. (Tex. Ct. App. 1995).

The elements are the same. In fact, in Republic Insurance Company v. Stoker, 903 S.W.2d 338, 341 (Tex. 1995), the Texas court in discussing the breach of the duty of good faith and fair dealing states, "one element of a bad faith claim is an absence of a reasonable basis for denying or delaying payment of benefits" and cites the Aranda case it earlier cited in the opinion for the elements of a contractual claim for breach of the duty of good faith and fair dealing.

Under Texas law, this Court finds the contract claim for breach of the duty of good faith and fair dealing is identical to a claim for bad faith and that the courts use the term "bad faith" interchangeably with a claim for a breach of the duty of good faith and fair dealing. Under either a contract theory or a tort theory, the plaintiff must show an intentional act by the insurance company to unreasonably deny or delay benefits. "Carriers that breach the duty of good faith and fair dealing, however, will be subject to liability for their tortious conduct." Aranda v. Insurance Co. of N. Am. 748 S.W.2d 210, 213 (Tex. 1988).

Because the contract and tort theory of recovery are based on the exact same elements, the Plaintiffs' failure to establish a genuine issue of material fact on the bad faith claim is also fatal to Plaintiff's breach of contract claim based on the implied covenant of good faith and fair dealing. The Court adopts by reference it summary judgment analysis in the May 13, 2005 Order on the bad

faith claim and holds summary judgment should also be granted in Defendants' favor on Plaintiff's claim for a breach of the implied covenant of good faith and fair dealing included in Count 1 and such cause of action is hereby DISMISSED. The motion in limine is GRANTED as the Court finds the only remaining cause of action for trial is the alleged breach of contract claim for denying benefits under the terms of the policies.

### Motion in Limine Re: Measure of Damages (Docket No. 78)

Defendants' move the Court to articulate the appropriate measure of damages for the remaining breach of contract claim. Defendants argue damages should be limited to the disability payments due at the time of filing of the complaint and that future benefits should not be discounted to calculate a present value based on the life expectancy of Plaintiff. Plaintiff argues the damages should include all benefits that should have been paid under the insurance contracts up to and including the date of trial as this case has been pending for over 28 months.

The Court agrees with Plaintiff that alleged damages are the past benefits Plaintiff alleges were owed under the policies since his 65th birthday up to the time of the judgment being entered and the judgment would reinstate the future payments under the policies and provide for Defendants to pay future benefits owed as they come due if it is determined Defendants breached the insurance contracts. Any evidence or testimony regarding the present value of future benefits shall be excluded. The Defendants' motion is GRANTED IN PART AND DENIED IN PART consistent with this Order.

### Motion in Limine Re: Exclusion of Emotional Distress Damages (Docket No. 79)

Plaintiffs concede they are not entitled to emotional distress damages and will not presenting such to the jury. Therefore, the motion in limine to exclude emotional distress damages is GRANTED.

## Order

Being fully advised in the premises, the Court hereby order: Defendants' motion in limine (Docket No. 78) is GRANTED IN PART AND DENIED IN PART, motion in limine (Docket NO. 79) is GRANTED; and motion in limine (Docket No. 80) is GRANTED with summary judgment being granted in Defendants' favor on Count 1's breach of contract based on the implied covenant of good faith and fair dealing.

DATED: **June 7, 2005**

_____
Honorable Edward J. Lodge
U. S. District Judge